# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**HANNAH F.,**
**Appellant Below, Petitioner**

**v.) No. 25-ICA-53**   (W. Va. Off. of Inspector Gen. Bd. of Rev. Case No. 24-BOR-2947)

**WEST VIRGINIA DEPARTMENT OF HUMAN SERVICES, BUREAU FOR SOCIAL SERVICES,**
**Respondent Below, Respondent**

**FILED**
**September 30, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Hannah F.[1] appeals the January 9, 2025, Decision of the West Virginia Office of Inspector General Board of Review ("Board of Review"). In that Decision, the Board of Review upheld a finding of neglect and reversed a finding of abuse by Hannah F. based upon her arrest for driving under the influence while her minor child was in the vehicle. Respondent West Virginia Department of Human Services Bureau for Social Services ("Department") filed its response.[2] No reply was filed.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board of Review's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 2, 2024, Hannah F. was driving a motor vehicle, in which her eight-year-old daughter, S.F., was a passenger, when she was stopped by law enforcement. As a result of this traffic stop, Hannah F. was charged with driving under the influence. Based on this event, Child Protective Services ("CPS") eventually substantiated findings of abuse and neglect against Hannah F.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Hannah F. is represented by Anthony M. Salvatore, Esq. The Department is represented by Attorney General John B. McCuskey, Esq., and Assistant Attorney General Angela M. Alexander, Esq.

1

On August 15, 2024, the Board of Review received Hannah F.'s CPS/APS Hearing Request Form. The basis stated by Hannah F. for requesting the hearing was "I believe this finding to be incorrect and I completed a treatment program on my own will. I turned those certifications in. It took DHHR almost 5 months to locate me and my child." The Department's regional office denied reversal of the abuse and neglect findings against Hannah F., and the matter proceeded to a hearing.

On August 16, 2024, the Board of Review issued an order requiring the Department to provide Hannah F. with proper notice of the substantiated findings in accordance with West Virginia Code of State Rules § 78-27-5. Thereafter, such notice was mailed to Hannah F.

On November 13, 2024, a hearing was held before an Administrative Law Judge ("ALJ") with the Board of Review. At the hearing, the Department called witnesses and presented evidence. Hannah F., who appeared with counsel, did not testify, call any witnesses, or put on any evidence.

On January 9, 2025, the ALJ entered the order now on appeal. In that order, the Board of Review's ALJ held that the Department correctly determined that Hannah F. neglected S.F. by knowingly allowing S.F. to be in an unsafe situation by driving with S.F. while intoxicated. However, the ALJ held that the evidence presented did not indicate that Hannah F. knowingly allowed infliction of mental or emotional injuries, or that S.F. suffered mental or emotional injury from the event. Accordingly, the ALJ upheld the finding of neglect but reversed the finding of abuse against Hannah F.

This appeal is governed by the following standard of review:

The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the agency;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

2

W. Va. Code § 29A-5-4(g) (2021); *accord* W. Va. Code § 16B-2-2(c) (2024) (designating West Virginia Code § 29A-5-4 as governing standard of review for Board of Review appeals); W. Va. Code § 49-4-601b(b) (2023) (a person has right to appeal Board of Review decision to court designated under West Virginia Code § 29A-5-1 to -5).

On appeal, Hannah F. asserts a single assignment of error: "The administrative hearing examiner's decision was arbitrary and capricious and failed to afford Petitioner her right to due process during a hearing." We disagree. In regard to whether the decision of the Board of Review was arbitrary and capricious, our Supreme Court of Appeals of West Virginia has explained, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen,* 196 W. Va. 442, 473 S.E.2d 483 (1996). Therefore, "[t]he scope of review under the arbitrary and capricious standard is narrow, and a court is not to substitute its judgment for that of the hearing examiner." *Martin v. Randolph County Bd. of Educ.,* 195 W. Va. 297, 304, 465 S.E.2d 399, 406 (1995).

West Virginia Code § 49-1-201 (2018) defines a neglected child, in part, as a child "[w]hose physical or mental health is . . . threatened by a . . . failure or inability of the child's parent . . . to supply the child with necessary . . . supervision[.]"[3] Here, Hannah F. allowed her child to be in an unsafe situation by driving while intoxicated with S.F. as a passenger. Given our deferential standard of review, we cannot say that the Decision of the Board of Review, to uphold the Department's determination that Hannah F.'s child's physical health was threatened by Hannah F.'s failure to supply the child with necessary supervision, was arbitrary and capricious.

In regard to whether Hannah F. was afforded due process, "[t]he most fundamental due process protections are notice and an opportunity to be heard." *State ex rel. Bd. of Educ. of Cnty. of Putnam v. Beane*, 224 W. Va. 31, 35, 680 S.E.2d 46, 50 (2009). Here, it is clear from the record that Hannah F. received both notice and an opportunity to be heard. Accordingly, we cannot say that the Board of Review violated Hannah F.'s right to due process and we, thus, find no error.

Based on the foregoing, we affirm the Board of Review's January 9, 2025, Decision.[4]

---

[3] We acknowledge that since the Board of Review's entry of the January 9, 2025, Decision, West Virginia Code § 49-1-201 was amended by the West Virginia Legislature, effective July 11, 2025. However, we note that no such amendments affect this appeal.

[4] The Court notes that pursuant to West Virginia Code of State Rules § 78-27-8, when an allegation of abuse or neglect is substantiated but the Department does not file a petition in circuit court based on the substantiated allegation, all Department records related

3

Affirmed.

**ISSUED:** September 30, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

to the allegation shall be sealed one year after the substantiation is made, so long as the person does not have another substantiation of abuse or neglect against them for one year following the initial substantiation.

4